**Roy Alan MORGAN, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 79SC367.**

Supreme Court of Colorado, En Banc.

March 9, 1981.

J. Gregory Walta, Colorado State Public Defender, Steven H. Denman, Cynthia C. Cederberg, Deputy State Public Defenders, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for Respondent.

HODGES, Chief Justice.

Defendant Roy Alan Morgan was convicted by a jury of a violation of section 18–8–203, C.R.S.1973, introducing contraband in the first-degree. The defendant appealed contending that the trial court erred in denying his challenge of a prospective juror for cause. The court of appeals in an unpublished opinion affirmed the conviction. We granted certiorari, and now reverse the judgment of the court of appeals.

The specific charges against the defendant involved alleged possession of marijuana in the state penitentiary. During voir dire, the defense attorney indicated that his client might not testify. When the juror in question was asked if the defendant's failure to testify would affect his ability to be fair and impartial, he replied that he wanted to hear "both sides of the story." Following explanations of the general principles of law regarding the presumption of innocence and the right to remain silent, the prospective juror indicated that he "could go along with that." However, he commented that he would "find it hard not hearing both sides of it," and that he couldn't "picture one side of a trial."

██ The need for a careful evaluation of the competence of potential jurors to assess the defendant's guilt or innocence solely on the evidence admitted at trial, and the serious practical problems involved with these assessments, are sound reasons for placing great discretion in the trial court in the jury selection procedures. *See People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976); *Leick v. People*, 136 Colo. 535, 322 P.2d 674, *cert. denied*, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958). The placing of this discretion in the trial judge does not, however, permit appellate courts to abdicate their responsibility to ensure that the requirements of fairness are fulfilled. *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977). A prospective juror should be excused if "it appears doubtful" that he will be governed by the instructions of the court as to the law of the case. *Jones v. People*, 23 Colo. 276, 47 P. 275 (1896). *See also* Colo.Crim.P. 24(b)(1)(X) and section 16–10–103(1)(j), C.R.S.1973, (now in Repl. Vol. 8). A fair trial for the accused when a juror has given indications that he would not follow the court's instructions is an improbability. Such a juror should be removed from the panel by the trial court.

██ The juror in this case repeatedly indicated that he would have difficulty applying the principles that the burden of proof rests solely upon the prosecution to establish the guilt of the accused. In *Nailor v. People*, Colo., 612 P.2d 79 (1980), which involved a similar situation, this court emphasized that:

"[I]f there is sufficient reason to question the impartiality of the juror, the trial court should grant a challenge for cause and dismiss the juror."

Here, there was no dispute that the juror doubted his ability or willingness to apply the law. The trial court therefore abused its discretion by failing to excuse him.

The judgment of the court of appeals is reversed and the cause is returned to that court for remand to the trial court for a new trial.