The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Raymond BLACKMER, III,
Defendant–Appellant.

No. 92CA1663.

Colorado Court of Appeals,
Div. IV.

June 30, 1994.

Rehearing Denied Aug. 11, 1994.

Certiorari Denied Feb. 13, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Raymond Blackmer, III, appeals the judgment of conviction entered on a jury verdict finding him guilty of felony murder and attempted first degree sexual assault. We reverse and remand for a new trial.

## I.

Defendant asserts the trial court abused its discretion in denying his challenge for cause to three prospective jurors. We agree that the trial court should have granted the defendant's challenge for cause as to one juror.

A trial court must sustain a challenge for cause when the juror's state of mind evinces enmity or bias toward the defendant. Section 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A). Additionally, under § 16–10–103(1)(j), prospective jurors should be excused if "it appears doubtful" that they will be governed by the instructions of the court as to the law of the case. *Morgan v. People,* 624 P.2d 1331 (Colo.1981).

Here, during voir dire, the following colloquy occurred with defense counsel, the juror, and the court:

Attorney: The fact that someone has died, okay, and sexual assault is somehow involved, what kind of feelings does that raise in you right now?

[Prospective Juror]: Well, I think I'd have to listen to what would go on with the witnesses and everything, I think.

Attorney: But how do you feel about that personally?

[Prospective Juror]: It's kind of hard, because one time I wanted revenge and another time I'd think, well, they're entitled to a—to hear their side of the story and stuff.

Attorney: Okay. Understanding that there may not be two sides to the story here, what feelings would that cause you to have at this point in time?

[Prospective Juror]: Well, I think he's entitled to be heard.

Attorney: Everyone is entitled to a fair trial?

[Prospective Juror]: Yes, uh-huh.

Attorney: That does not mean that there's actually an entitlement to be heard. That's a decision that a person has to make, but the law holds a person innocent unless or until proven guilty.

[Prospective Juror]: Uh-huh.

Attorney: Okay. What that also means is whoever is being charged doesn't ever have to take the stand if they don't want to, okay? Understanding that you may not hear both sides of the story, so to speak, what kind of feelings does that cause you to have?

[Prospective Juror]: Well, I'd have to hear him or hear the witnesses for him and against him, both.

Attorney: Okay. So you would absolutely have to hear from Mr. Blackmer in this case before you could arrive at a fair verdict; is that right?

[Prospective Juror]: Yes.

Attorney: And without that, would you have serious doubts as to whether you could be a fair juror for him? Is that right?

[Prospective Juror]: Uh-huh.

Attorney: Is that a yes? I'm sorry.

[Prospective Juror]: Yes.

Attorney: I'm sorry. We have to talk out loud for the court reporter. So without hearing from him, you could not be fair to him?

[Prospective Juror]: More or less, yes.

Attorney: Thank you for your honesty. Judge, I have no further questions.

The Court: Okay. [Prospective Juror], I need to clarify this. I guess I'm not really sure that I understand your last couple of responses. Are you describing that you need to hear Mr. Blackmer testify or witnesses testify in favor of his case?

[Prospective Juror]: Yes. I'd like to hear both sides. I think I'd have to hear both sides.

The Court: Well, but—I guess I'm trying to clarify this. Are you saying—of course there is a side for the state and a side for the defense. Are you saying that the side of the defense can be presented through witnesses other than himself, or that you need specifically to hear the defendant, Mr. Blackmer?

[Prospective Juror]: I think I'd have to hear him, yes.

The juror was not questioned further by the parties or the court. The defendant challenged the juror for cause. The prosecution responded that it was in the court's discretion to grant or deny the challenge. The court denied the request, and the defendant subsequently exercised a peremptory challenge to excuse the juror. Defendant exercised all of his allotted peremptory challenges.

We conclude the trial court abused its discretion in denying the defendant's challenge for cause. In *Morgan v. People, supra*, defense counsel, as here, advised the prospective juror that his client might not testify. The juror in *Morgan* and the juror here responded that they needed to hear "both sides of the story."

Here, the court and counsel asked the juror directly if she would require the defendant to testify. She responded yes. Although the jurors had previously been advised of the principles of law involved in every criminal trial neither the trial court nor counsel gave further explanation of the legal principles during voir dire of this juror. The juror indicated she would have difficulty applying the principles of law unless she heard the defendant testify at trial. Hence,

the trial court should have excused the juror in response to the challenge for cause, and the failure to do so constitutes reversible error.

## II.

 Defendant asserts the trial court erred when it entered judgments of conviction for felony murder and attempted sexual assault. We agree.

Under the circumstances present here, §§ 18–1–408(1)(a) and 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B) and *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983) prohibit a judgment of conviction for attempted sexual assault in addition to a conviction for felony murder. Accordingly, upon retrial, if the defendant is convicted of felony murder, he cannot also be convicted of attempted sexual assault.

## III.

Defendant's other contentions of error are without merit.

The judgment is reversed, and the cause is remanded for a new trial.

MARQUEZ and ROTHENBERG, JJ., concur.