984 P.2d 72 (1999)
The PEOPLE of the State of Colorado, Petitioner,
v.
Rico VECCHIARELLI-MCLAUGHLIN, Respondent.
No. 98SC412.
Supreme Court of Colorado, En Banc.
June 28, 1999.
*73 Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Robert Mark Russel, First Assistant Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Appellate Division, Denver, Colorado, Attorneys for Petitioner.
Scott H. Robinson, P. C., Scott H. Robinson, Denver, Colorado, Attorney for Respondent.
Justice RICE delivered the Opinion of the Court.
We granted certiorari in order to review the unpublished decision of the court of appeals in People v. Vecchiarelli-McLaughlin, No. 96CA1857 (Colo.App. Apr. 30, 1998), in which the court reversed the defendant's conviction. The court of appeals held that the trial court abused its discretion when it denied the defendant's challenge for cause to a prospective juror who had expressed concerns as to whether he could be fair in the absence of hearing testimony by the defendant. We reverse the judgment of the court of appeals, finding that the trial court acted within its discretion when it denied the defendant's challenge for cause. Accordingly, we remand to the court of appeals with directions to reinstate the judgment of conviction and sentence.

I.
The defendant, Rico Vecchiarelli-McLaughlin, was charged with felonious criminal mischief for vandalizing a pickup truck in June 1995.
During the course of voir dire, one prospective juror explained that he would doubt the innocence of a defendant who chose not to testify in his or her own defense at trial. The following exchange occurred:

Defense Attorney: Is there anyone else who reached [the conclusion that a defendant should testify]? Sir, what about you? How do you feel?

Juror: I feel that if you're not guilty, then you should testify because you're not. I mean if you don't testify, then I feel you know there's something wrong.

Defense Attorney: So then would it be fair to say that you think there's a bit of burden on the defense?

Juror: I would think so, yes. In my own mind, yeah.

Defense Attorney: So does that  Would it be fair to say then that if the defendant does not testify that you would be biased against him?

Juror: I'm not going to say I'm biased against him because I don't know what the case is about but

*74 Defense Attorney: Well, I mean

Juror: I just can't  I guess I can't see in my own mind if the guy is not guilty why he doesn't want to say anything, just have an attorney do his talk for him.

Defense Attorney: You realize, of course, he has a right to have an attorney?

Juror: Right.

Defense Attorney: But you'd rather hear something from him; right?

Juror: That's true.

Defense Attorney: Having said that you believe that the guy should talk for himself and not have an attorney talk for him and  Well, you said you wouldn't be biased against him right now if he didn't testify. While that would give you cause for concern, doesn't that mean that your ability to be fair and impartial under those circumstance [sic] is impaired?

Juror: Well, no, because he has a right to an attorney and everything, you know, I agree with that. But I still think that in my own mind, if something happens to me, I want to tell my story.

Defense Attorney: But if he doesn't put on any proof and he doesn't testify, that's going to affect your feeling about him, is it not?

Juror: It could, I would think, yeah. I mean because it could.

Defense Attorney: Therefore, doesn't that affect your ability to be fair and impartial?
Juror: I guess you're right.
The defense attorney then moved to excuse the juror for cause. The prosecution waived its opportunity to rehabilitate the juror, stating that "[the juror] hasn't indicated that he can't follow the law.... [T]here's no indication at this point in time that he can't follow the Court's instructions regarding the burden of proof."
Thereafter, the trial judge engaged the potential juror in the following dialogue:

The Court:... you heard me earlier say that a defendant doesn't have to present any evidence; correct?
....

Juror: Yes, I did.

The Court: And implicit in that is that he doesn't have to testify also.

Juror: Right.

The Court: Are you saying that if he and his attorney choose to not have him testify when he has the right that you would use that in consideration of whether he's guilty or not guilty?

Juror: No, I'm not saying that. It just  I just don't understand some of it, I guess, in my own mind because if I'm not guilty, I'm going to say I'm not guilty. I'm not going to have somebody else do my talking for me.

The Court: I don't want to try to influence you, but in terms of you not understanding, let me try to put it this way: I gave the example in a civil case of somebody suing you for $10,000 and you don't have to prove anything, they have to prove it. If you were to go to trial and they presented their case to you and your attorney thought they hadn't proved what they alleged, would you feel it necessary to stand up and say, "I don't owe them money," even though you felt they hadn't proved it?

Juror: No, I don't think so.

The Court: It is conceivable that if they feel that it hasn't been proven that they don't feel the necessity to have the defendant testify just say, "I'm not guilty, or, "I didn't do it," but instead could just argue that it wasn't proven?

Juror: Now, what? I didn't understand that.

The Court: It is conceivable that someone could evaluate the case and say, "Well, I don't have to say anything, I don't have to present anything, because they didn't prove it?"

Juror: Yeah, that's possible, I guess.

The Court: So do you understand somewhat why we're saying he may or may not testify, they may or may not present evidence?
Juror: Yes, I do.

The Court: All right. Let me ask you this: Are you talking  When you say you don't understand, is that because personally you want to get up and say, "I didn't do it," or is that because you cannot accept *75 that someone else might make that choice to not?

Juror: No because I wouldn'tI mean I would want to. What they do is their own opinion and the way they want to do it, you know.

The Court: Let me ask you specifically. If the defendant chooses not to testify in this case, are you going to in any way use that as a factor, consideration, or as any evidence of his guilt?

Juror: No, I don't think so.

The Court: Okay. Challenge is denied.
(Emphasis added.) The defendant then exercised a peremptory challenge to excuse the juror. The defendant subsequently exercised all of his allotted peremptory challenges. Following trial, the defendant was convicted of felonious criminal mischief and sentenced to a two-year prison term.

II.
On appeal, the defendant argued that the trial court abused its discretion in denying his challenge for cause to the prospective juror in question. The court of appeals agreed with the defendant, holding that the trial court's questioning of the prospective juror did not elicit from him a "definite statement" of his willingness not to be influenced if the defendant chose not to testify. The court further found that the juror's "continued ambivalence" regarding his ability to be fair in the absence of testimony by the defendant necessitated his dismissal for cause. This appeal followed.

A.
We recently clarified the proper standard for appellate review of a trial court's ruling on a challenge for cause to a prospective juror. See Carrillo v. People, 974 P.2d 478, 485-86 (Colo.1999). In Carrillo, we confirmed that the appropriate standard for such review is whether the trial court abused its discretion. See id. at 485. We noted that this standard is a very high one which gives deference to the trial court's assessment of the credibility of a prospective juror's responses. See id. Furthermore, we explained that this standard recognizes the trial court's "unique role and perspective in evaluating the demeanor and body language of live witnesses," thereby discouraging an appellate court from second-guessing those judgments on the basis of a cold record. Id. at 486. "The trial judge is the only judicial officer able to assess fully the attitudes and state of mind of a potential juror by personal observation of the significance of what linguistically may appear to be inconsistent or self-contradictory responses to difficult questions." Id. at 487.
A prospective juror should be disqualified for bias if he or she cannot render a fair and impartial verdict according to the laws and evidence presented at trial. See § 16-10-103(1)(j), 6 C.R.S. (1998); People v. Fuller, 791 P.2d 702 (Colo.1990). Under section 16-10-103(j), the trial court must sustain a challenge for cause to a prospective juror if said juror has a state of mind "evincing enmity or bias toward the defendant or the state." However, this section further provides that no juror "shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at trial." § 16-10-103(j). See also Crim. P. 24(b)(X). Moreover, a prospective juror's indication of a preconceived belief as to some facet of the case does not warrant exclusion for cause. See People v. Drake, 748 P.2d 1237, 1243 (Colo.1988).
Finally, the right to challenge a juror for cause is an integral part of a fair trial. See Carrillo, 974 P.2d at 486. "When a trial court erroneously denies a challenge for cause to a prospective juror, the defendant uses a peremptory challenge to remove that juror, and the defendant exhausts all available peremptory challenges, the trial court's ruling `affects a substantial right of the defendant and cannot be deemed harmless error.' " See id., 974 P.2d at 486-87 (quoting People v. Macrander, 828 P.2d 234, 244 (Colo.1992)).

*76 B.
In the instant case, the court of appeals held that "the trial court's questioning of the prospective juror did not elicit from him a definite statement of his willingness not to be influenced by the defendant's failure to testify." However, the court of appeals decided this issue without the benefit of our recent holding in Carrillo, 974 P.2d 478, wherein we reiterated that the abuse of discretion standard is a very high standard of review. Accordingly, we now reverse.
During voir dire, the prospective juror herein initially stated that he believed that a person who is not guilty should testify in his or her own defense. However, when defense counsel followed up this statement by asking whether the prospective juror would be biased against the defendant, the juror replied that he would not be biased. Furthermore, during the trial court's questioning of the juror, the juror repeatedly demonstrated that he understood that the defendant had a right not to testify and that if the defendant chose not to testify, he was not to consider that fact during deliberation.
We find that the record of this prospective juror's answers, taken as a whole, demonstrates that he did not have a state of mind evincing enmity or bias against the defendant. It bears repeating that only the trial court had the benefit of witnessing this juror's answers in person. Consequently, only the trial court had the opportunity to consider this juror's demeanor, including any doubts or convictions he displayed, in making its decision to deny the challenge for cause. The trial court listened to and participated in the voir dire and determined that the potential juror would not be biased against the defendant if the defendant chose not to testify. As this prospective juror made no statements which would give us reason to believe that the trial court abdicated its duty to properly assess the juror's attitude and state of mind, we cannot conclude that the trial court abused its discretion in denying the challenge for cause.
Although the court of appeals cited no authority in support of its conclusion that the trial court abused its discretion, the defendant points to Morgan v. People, 624 P.2d 1331 (Colo.1981) (reversing a trial court's denial of a challenge for cause where juror maintained throughout voir dire that he would "find it hard" to remain unbiased if the defendant did not testify), and People v. Blackmer, 888 P.2d 343 (Colo.App.1994) (reversing trial court's denial of a challenge for cause where juror maintained throughout voir dire that she needed to hear testimony from the defendant in order to be fair), as instructive to our analysis. The defendant asserts that these cases support the court of appeals' conclusion that equivocation and ambivalence on the part of a juror necessarily give rise to a dismissal for cause. However, Morgan and Blackmer are distinguishable from the case at bar. In each of those cases, the juror in question displayed persistent doubts regarding his or her ability to be fair in the absence of testimony from the defendant. See Morgan, 624 P.2d at 1332; Blackmer, 888 P.2d at 343. Both jurors continued to display those doubts despite efforts by the court to rehabilitate them. See id. In contrast, during questioning by the court in the instant case, the prospective juror stated his intention not to weigh the defendant's decision not to testify as evidence of his guilt. Accordingly, we find that these cases did not require the trial court to grant the challenge for cause in the instant case.
Although the prospective juror in the instant case may have displayed a preconceived opinion that defendants in general should testify in their own defense, he later confirmed that he would not use the defendant's decision not to testify as evidence of his guilt. See People v. Fuller, 791 P.2d 702, 706-07 (Colo.1990) (noting that it is the trial court's prerogative to give considerable weight to the juror's assurance that he can fairly and impartially serve on the case). Therefore, we defer to the trial court's discretion with respect to its ruling on the defendant's challenge for cause.

III.
We conclude that the trial court did not abuse its discretion in denying the defendant's *77 challenge for cause to the prospective juror in question here. Accordingly, we reverse the judgment of the court of appeals and remand with directions to reinstate the judgment of conviction and sentence.
Justice SCOTT does not participate.