**Cory MORRISON, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

No. 99SC306.

Supreme Court of Colorado, En Banc.

June 26, 2000.

Rehearing Denied July 24, 2000.

David S. Kaplan, Colorado State Public Defender, Alan M. Kratz, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Alan J. Gilbert, Solicitor General, Steven O. Sims, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Appellate Division, Denver, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

We are called upon to review the court of appeals' decision in *People v. Morrison,* 985

P.2d 1 (Colo.App.1999). The court held that a defendant is not entitled to a new trial if he exhausts his peremptory challenges but does not exercise a peremptory challenge on a juror who he originally challenged for cause.[1] We affirm the judgment of the court of appeals upholding the defendant's convictions but do so on different grounds.

The central issue of this case is resolved under well-settled principles of law governing challenges for cause issued by a criminal defendant. We hold that the trial court did not abuse its discretion in denying the defendant's challenge for cause because the juror in question stated that she could fairly hear the evidence. Because the trial court did not commit any error concerning this juror, we need not base our decision on how the defendant responded to what he perceived to be an erroneous denial of a challenge for cause. We consequently find it unnecessary to determine whether a defendant suffers an impairment of his right to use peremptory challenges if he exhausts his peremptory challenges but does not use one of his challenges against a juror who he originally challenged for cause. In such a scenario, the controlling question is whether the defendant's constitutional right to an impartial jury was violated by the presence of a biased juror on his jury.

Therefore, the court of appeals incorrectly relied on this court's precedent to resolve the issues presented in this appeal. Our prior decisions do not require a defendant to cure a trial judge's error on a challenge for cause by using a peremptory strike against the objectionable juror in order to preserve a claim that his right to a fair trial was violated by the presence of a biased juror on his jury.

In addition, our decisions establish that if the jury included a biased juror, then the defendant's right to a fair trial was violated and his convictions must therefore be reversed.[2]

## I.

Petitioner Cory Morrison was convicted of two counts of sexual assault on a child (pattern of abuse), in violation of section 18–3–405(2)(d), 6 C.R.S. (1999); four counts of sexual assault on a child (position of trust), in violation of section 18–3–405.3, 6 C.R.S. (1999); and two counts of second degree sexual assault, in violation of section 18–3–403(1)(e), 6 C.R.S. (1999). Morrison also was found subject, under section 16–11–309, 6 C.R.S. (1999), to a mandatory sentence for violent crime.

During voir dire, Morrison challenged for cause Juror Hunt on the grounds that she was predisposed to find Morrison guilty before hearing any evidence and that this predisposition was not dislodged after she received instructions concerning the presumption of innocence. Morrison also argued that Juror Hunt stated that she would have to hear "both sides" before she would render her verdict. The trial court denied Morrison's challenge for cause, finding that Juror Hunt had indicated she would base her verdict on the evidence presented at trial and that she would follow the court's instruction concerning the presumption of innocence. Morrison eventually used all six of his statutorily allotted peremptory challenges, but did not strike Juror Hunt, who sat on the jury.

The court of appeals affirmed Morrison's convictions. See *Morrison*, 985 P.2d at 7. The court did not reach the question of

---

**1.** We granted certiorari to address two questions:
    1. Whether the court of appeals erred in holding that a trial court's erroneous denial of a challenge for cause does not prejudice a defendant who did not remove the juror in question with a peremptory challenge.
    2. Whether the trial court abused its discretion and denied the petitioner his right to a fair trial by an impartial jury when it denied his challenge for cause as to a juror who indicated that she was unwilling or unable to follow the principles of law concerning the presumption of innocence and the prosecution's burden of proof.

**2.** This case does not present the issue of whether a defendant's right to a fair trial is violated when a biased juror serves on the jury and the defendant fails to exhaust his peremptory challenges. Therefore, we do not imply any opinion on that issue. *Cf. Carrillo v. People*, 974 P.2d 478, 486–87 (Colo.1999) (stating that a defendant is prejudiced if he exhausts all his peremptory challenges and uses one against a juror the trial court erroneously failed to remove for cause); *People v. Prator*, 856 P.2d 837, 842 (Colo.1993) (same); *People v. Macrander*, 828 P.2d 234, 244 (Colo. 1992).

whether the trial court erroneously denied the for cause challenge to Juror Hunt. Instead, the court of appeals held that, regardless of whether Juror Hunt should have been removed for cause, because Morrison "chose not to excuse [Juror Hunt] by use of a peremptory challenge, the court's denial of his challenge for cause did not have the effect of reducing the number of peremptory challenges that he could exercise." *Id.* at 3. Therefore, Morrison failed to demonstrate any prejudice. *See id.*

## II.

As we have indicated, the focus of our inquiry in this case is whether the trial court erred in denying the defendant's challenge for cause of Juror Hunt. In our judgment, the court of appeals incorrectly analyzed the defendant's claim. Therefore, we briefly examine the court of appeals' decision before considering whether the defendant's right to a fair trial was violated by the presence of a biased juror on his jury.

### A.

The court of appeals held that Morrison suffered no prejudice because he failed to use one of his peremptory challenges against Juror Hunt. *See Morrison,* 985 P.2d at 3. The court of appeals drew this conclusion from our statements in *People v. Prator,* 856 P.2d 837 (Colo.1993) and *People v. Macrander,* 828 P.2d 234 (Colo.1992). We believe that the court of appeals incorrectly interpreted our decisions.

In these cases, we reversed a defendant's conviction if he exhausted his peremptory challenges, the defendant used a peremptory against a juror challenged for cause, and the trial court improperly denied the challenge for cause. *See Prator,* 856 P.2d at 841; *Macrander,* 828 P.2d at 244. The prejudice suffered by the defendant related to his substantial right to use peremptory challenges. We had no occasion to consider whether the defendants were tried by impartial juries because they removed the biased jurors by peremptory challenge. Because the jurors did not serve, the defendants could not establish that their right to trial by an impartial jury was violated. Therefore, *Prator* and *Macrander* do not stand for the proposition that when a trial court erroneously rules on a challenge for cause, a defendant must utilize a peremptory challenge to remove that juror from the panel in order to preserve a claim that his right to a fair trial was violated by the presence of a biased juror on his jury.

[1] We face a different situation in this case than the one presented in *Prator* and *Macrander.* Here, Morrison exhausted his allotment of peremptory challenges but he did not use one against Juror Hunt after the trial court denied his challenge for cause. Juror Hunt ultimately served on the jury. Regardless of whether the defendant chose to use a peremptory challenge on the allegedly objectionable juror, because he challenged Juror Hunt for cause and she served on the jury, his right to an impartial jury was violated if his challenge for cause was improperly denied.[3] *See United States v. Martinez–Salazar,* 528 U.S. 304, 120 S.Ct. 774, 782, 145 L.Ed.2d 792 (2000) (stating that a defendant's right to a fair trial is implicated if the trial court's ruling on a challenge for cause results in the seating of a juror who should have been dismissed). Therefore, we must determine if the trial court properly denied Morrison's challenge for cause regarding Juror Hunt.

We hold that the trial court acted within its discretion in denying Morrison's for cause challenge to Juror Hunt. The record supports the trial court's finding that Hunt would base her decision on the evidence presented at trial and that she would follow the

---

**3.** Whether the defendant suffered an impairment of his substantial right to use peremptory challenges and whether his right to an impartial jury was violated are logically independent questions. For instance, if a defendant raised no claims concerning his exercise of peremptory challenges, he nonetheless is entitled to raise a properly preserved claim that his right to an impartial jury was compromised because the trial court erroneously denied his challenge for cause. *See, e.g., People v. Gurule,* 628 P.2d 99, 102–03 (Colo. 1981). Therefore, regardless of whether Morrison suffered an impairment of his substantial right to use peremptory challenges, in the circumstances before us we must take up the separate question whether his right to an impartial jury was violated.

court's instructions concerning the presumption of innocence. Accordingly, we deny the defendant's claim.

### B.

The due process clauses of the United States and Colorado constitutions guarantee every criminal defendant the right to a fair trial. *See* U.S. Const. amends. V, XIV; Colo. Const. art. II § 16, 25; *see also People v. Russo*, 713 P.2d 356, 360 (Colo. 1986). An impartial jury is a fundamental element of the constitutional right to a fair trial. *See People v. Rhodus* 870 P.2d 470, 473 (Colo.1994). A defendant's right to an impartial jury is violated if the trial court fails to remove a juror biased against the defendant. *See Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980) ("To insure that [a defendant's right to an impartial jury] is protected, the trial court must excuse prejudiced or biased persons from the jury."); *see also Harris v. People*, 888 P.2d 259, 264 (Colo.1995) (stating that the right to trial by an impartial jury requires a determination of the issues "solely on the basis of the evidence presented at trial rather than on the basis of bias or prejudice for or against a party").

The right to challenge jurors for cause stems from a defendant's right to due process and to a trial before a fair and impartial jury. *See Carrillo v. People*, 974 P.2d 478, 486 (Colo.1999); *People v. Vecchiarelli–McLaughlin*, 984 P.2d 72, 75 (Colo. 1999). A trial court must grant a challenge for cause if a prospective juror is unwilling or unable to accept the basic principles of criminal law and to render a fair and impartial verdict based upon the evidence admitted at trial and the court's instructions. *See Russo*, 713 P.2d at 360–61.

To this end, § 16–10–103(1)(j), 6 C.R.S. (1999), requires a trial court to sustain a challenge for cause if a juror's state of mind evinces "enmity or bias toward the defendant or the state." Similarly, Crim. P. 24(b)(X), 12 C.R.S. (1999), requires disqualification of a juror if his or her state of mind "manifest[s] a bias for or against the defendant, or for or against the prosecution, or the acknowledgement of a previously formed or expressed opinion regarding the guilt or innocence of the defendant," unless "the court is satisfied that the juror will render an impartial verdict based solely upon the evidence and instructions of the court." If the trial court "has genuine doubt about the juror's ability to be impartial under the circumstances, it should resolve the doubt by sustaining the challenge." *Russo*, 713 P.2d at 362; *see also Morgan v. People*, 624 P.2d 1331, 1332 (Colo.1981) ("A prospective juror should be excused if it appears doubtful that he will be governed by the instructions of the court as to the law of the case.") (internal quotation marks omitted); *People v. Gurule*, 628 P.2d 99, 102–03 (Colo.1981).

A reviewing court will overturn a trial court's decision concerning a challenge for cause only upon an affirmative showing that the lower court abused its discretion. *See Carrillo*, 974 P.2d at 485; *see also Gurule*, 628 P.2d at 102–03 (stating that the defendant's conviction must be overturned because the challenged juror's voir dire "responses provided no ... basis" for the trial court's denial of the for cause. challenge). We accord great deference to the trial court's handling of challenges for cause because such decisions turn on an assessment of the juror's credibility, demeanor, and sincerity in explaining his or her state of mind. *See Carrillo*, 974 P.2d at 485–86; *Russo*, 713 P.2d at 362. The trial court is in a superior position to evaluate these factors than a reviewing court, which has access only to a cold record for its determination. *See People v. Davis*, 794 P.2d 159, 206 (Colo.1990). Our deference to a trial court's resolution of a challenge for cause extends to statements that "may appear inconsistent or self-contradictory." *Carrillo*, 974 P.2d at 487.

We now apply these principles to Morrison's challenge for cause of Juror Hunt.

### III.

Morrison claims that Juror Hunt should have been removed for cause on two grounds. First, he alleges that Hunt was predisposed to find him guilty simply due to the fact that he was accused of sexual assault on children. Morrison asserts that Hunt

stated that there was something wrong with his "character"; consequently, she would be inclined to find him guilty of the charged offenses. Second, Morrison contends that Hunt rejected the principle that the prosecution bears the burden of proof by stating that she would have to hear "both sides" before she could render a verdict. A careful examination of the record reveals that the trial court acted within its discretion in denying the challenge for cause.

We look first to the claim that Juror Hunt was predisposed to find Morrison guilty simply because the defendant was accused of sexual assault on children. The defendant argues that the following portions of Hunt's voir dire support his challenge:

THE COURT: Would there be anything about [the case] that would not allow you to be fair and impartial in viewing the evidence in this case?

JUROR HUNT: You know, in all honesty, I really don't know. I guess I'm concerned, having been a parent, I deal with elementary education a lot, and I teach anger management class in elementary schools so, you know, we are trying to direct the violence issue.

. . .

I mean you know—I suppose everybody has a fair chance coming in, but *I do have to say that I think if someone is accused, to me it means there could be—I mean there is a reason that that happened in the first place I guess.*

. . .

[DEFENSE COUNSEL]: I don't want to put words in your mouth, but do you think because Mr. Morrison has been—has been accused of or that he's—that that is in relationship to whether he's guilty or not—

JUROR HUNT: No, not necessarily that he's guilty, but I guess *I'm concerned of maybe a judge of character kind of thing. You know it seems to me there are reasons people get accused of things like that.* I mean, you know.

(Emphasis added by defendant.)

The trial court denied the defendant's challenge for cause, stating that, in its judgment, Hunt would follow the court's instruction concerning the presumption of innocence and that she would base her verdict on the evidence. We hold that the trial court acted within its discretion in denying the challenge for cause on these grounds.

The voir dire responses Morrison relies on provide at best only ambiguous support for his claim that Hunt was predisposed to find him guilty before hearing any evidence. Hunt expressed her belief that there are reasons why a person would be accused of sexual assault on children. None of her statements, however, suggests that she would be unable to afford the defendant the presumption of innocence or that she would fail to render her verdict based on the evidence. Hunt's statement that she was "concerned of maybe a judge of character kind of thing [sic]" likewise does not establish that she would fail to be fair and impartial. The record does not allow us to draw any reasonable inference as to what the statement might mean. We cannot, consequently, dislodge the trial court's determination that this statement did not render Hunt a biased juror. Therefore, the statements Morrison alleges as grounds for a challenge for cause are an insufficient basis to conclude that the trial court abused its discretion in denying the challenge. *See Russo,* 713 P.2d at 360–61; *Carrillo,* 974 P.2d at 486; *Gurule,* 628 P.2d at 102–03.

Juror Hunt's voir dire as a whole further supports our holding that the trial court acted within its discretion. *See Carrillo,* 974 P.2d at 486. Hunt indicated that her belief that there are reasons a person may be accused of sexual assault on children would "probably not" interfere with her ability to listen to the evidence and to follow the court's instructions. She also stated that she "believed" that she could listen to the evidence and make her decision based on it. Even if we assume that these statement are inconsistent with her earlier statement that there are reasons that a person is accused of sexual assault in children, the record provides no affirmative basis for us to conclude that the trial court's assessment of those statements was erroneous. *See id.* at 487.

Therefore, the trial court's denial of the challenge for cause on the ground that Juror Hunt was predisposed to find Morrison guilty of the charged offenses is a proper exercise of its discretion.

Similarly, we hold that the trial court acted within its discretion in denying the challenge made on the grounds that Hunt would have to hear "both sides" before she could render a verdict. Morrison argues that *People v. Blackmer*, 888 P.2d 343 (Colo.App.1994) and *Morgan* compel reversal of the trial court's decision. We disagree.

In *Blackmer*, 888 P.2d at 344, the prospective juror stated directly and repeatedly that the defendant would have to testify before she could render a fair verdict. The court of appeals held that, because the juror had already been instructed as to the principles of law governing the trial, her voir dire responses indicated that she could not follow those principles. Therefore, the trial court erred by not removing the juror for cause. *See id.* at 344–45. In *Morgan*, 624 P.2d at 1332, the challenged juror also stated clearly and repeatedly that he would have trouble applying the principle that the prosecution bears the sole burden of proof at trial. As a result, we held that the trial court abused its discretion in failing to remove the juror for cause. *See id.*

This case is readily distinguishable from both *Blackmer* and *Morgan*. Juror Hunt made only a single ambiguous statement in connection with hearing "both sides" before she could make her decision:

[DEFENSE COUNSEL]: ... Let me ask you another question. The crux of the case is you are going to have two boys, 8 years old [sic], come to the stand and say that Mr. Morrison did certain things to them, and they're adorable. Mr. Morrison said he didn't. Now under those circumstances how would you be able to possibly find an acquittal for my client?

JUROR HUNT: I don't know. I mean I don't know his side of it. I mean if I hear both sides, I suppose you make a decision based on that.

[DEFENSE COUNSEL]: Nothing else will come into play?

JUROR HUNT: I don't know I would pick either side ahead of time. I don't know under the circumstances.

As an initial matter, we note that the question posed by defense counsel may be understood to require Juror Hunt to speculate how she could render a verdict of acquittal after hearing testimony from two young children and the defendant. The question, that is, can be understood to assume that the defendant would have testified at trial. We find nothing disturbing in the fact that Hunt attempted to answer the question that was put to her, namely whether she could render a verdict of acquittal after hearing both the alleged victims and the defendant testify. Hunt's observation that she could not know what her verdict would be until she had heard from both sides suggests to us her commitment to base her decision on the evidence as presented at trial.

Moreover, in contrast with the juror at issue in *Blackmer*, Juror Hunt never said that she would *require* Morrison to testify before she could render a fair verdict. She merely said that *if* the alleged victims and the defendant testified, then she would base her decision on that evidence. And unlike *Morgan*, our review of the record discloses no point at which either party or the court raised the question of the prosecution's burden of proof to Hunt. In any case, Hunt's statement about hearing "both sides" provides no basis for us to conclude that she was unable or unwilling to hold the prosecution to its burden of proof. Therefore, we hold that the trial court acted within its discretion in denying Morrison's challenge for cause of Juror Hunt on the grounds that she would have to hear "both sides" before rendering her verdict. *See Carrillo*, 974 P.2d at 485.

IV.

This case turns only on whether the defendant's right to a fair trial was violated by the presence of an biased juror on the jury. We conclude that the trial court acted within its discretion in denying the challenge for cause of Juror Hunt. Because Juror Hunt was competent to sit on the jury, the defendant's right to a fair trial was not violated. Accordingly, we affirm the judgment of the court of

appeals upholding the defendant's convictions.

Justice BENDER does not participate.

