Opinion by JUDGE RICHMAN
¶ 1 Defendant, Tanya Marie Garcia, appeals the judgment of conviction entered on a jury verdict finding her guilty of one count of felony menacing, seven counts of reckless endangerment, and one count of reckless driving. We affirm.
I. Background
¶ 2 On January 24, 2014, Garcia became convinced that one of her children's friends, a twelve-year-old boy named T.H., had stolen a bottle of nail polish from her home. Garcia drove to a local park and confronted T.H., who claimed that Garcia's daughter had given him the nail polish. A heated argument ensued in which Garcia threatened to assault T.H., causing T.H. to retreat. Garcia then returned to her SUV, started the car, accelerated over the curb in the direction of T.H., and drove across the park. T.H. testified that he had to hide behind a fence to avoid being hit by Garcia's car. At the time of the incident, many children were in the park. Some of those children testified at trial and were named victims in this case.
¶ 3 During voir dire, Garcia's counsel informed prospective jurors that they would be hearing testimony from alleged victims who were children. Counsel then made various inquiries as to whether each prospective juror *925 could fairly judge the credibility of children and whether a juror's sympathy for children would trigger bias against Garcia.
¶ 4 Along with several other prospective jurors who expressed concerns, prospective juror J.P. indicated that while he had had a "soft spot" for his young children, he felt he could "comply with what [the judge was] asking," although it might be difficult. He also noted, "I feel like children are so innocent. I don't know when they don't become innocent but my two little - two girls are - are so innocent and that does weigh on me." Garcia's counsel later challenged J.P. for cause, arguing that he could not fairly evaluate a child witness's credibility. The trial court denied Garcia's challenge. Garcia exhausted her peremptory challenges but did not use a peremptory challenge to remove J.P. He then served as a juror in Garcia's trial.
¶ 5 On appeal, Garcia contends that the trial court erred in denying her challenge for cause as to J.P. because his position on the credibility of children prevented him from being fair and impartial. In response, the People first argue that Garcia invited the error of which she complains by failing to use a peremptory challenge to excuse J.P. and that any potential error is not reviewable on appeal. In the alternative, the People argue that the trial court properly denied Garcia's challenge for cause.
II. Invited Error
¶ 6 We first address the contention that Garcia invited error by failing to use a peremptory challenge to excuse J.P. If we perceive that Garcia's claimed error resulted from the affirmative injection of error into the case, then the claim of error is unreviewable. People v. Rediger , 2018 CO 32, ¶ 37, 416 P.3d 893 ; see also Horton v. Suthers , 43 P.3d 611, 619 (Colo. 2002) (declining to review the merits of appellant's argument because appellant's position at trial was plainly inconsistent with his position on appeal).
¶ 7 The doctrine of invited error is based on the principle that a party must abide by the consequences of her actions at trial. Horton , 43 P.3d at 618. She "may not complain on appeal of an error that [s]he has invited or injected into the case ...." People v. Zapata , 779 P.2d 1307, 1309 (Colo. 1989). The invited error doctrine, therefore, prevents a party from taking a position on appeal that is inconsistent with the position she initially took. Horton , 43 P.3d at 618. However, its application is limited to situations where an error was caused by a party's affirmative, strategic conduct and not by a party's inaction or inadvertence. People v. Becker , 2014 COA 36, ¶ 20, 347 P.3d 1168 ; see also People v. Gross , 2012 CO 60M, ¶¶ 11-12, 287 P.3d 105 (holding that the court would not consider whether the trial court erred in giving a jury instruction where the defendant's counsel argued in its favor at trial in a deliberate and strategic manner); People v. Stewart , 55 P.3d 107, 119-20 (Colo. 2002) (holding that where an instruction was not given due to counsel's apparent inadvertence, the court would review the claim of error on appeal).
¶ 8 In this case, we do not perceive that Garcia's position on appeal is inconsistent with the position that she took at trial. In addition, due to the uncertain nature of counsel's motivations with respect to peremptory strikes, the record does not allow us to discern why J.P. remained on the jury. Accordingly, we decline to apply the doctrine of invited error to prohibit review of Garcia's arguments.
A. Inconsistency
¶ 9 Relying on the partial dissent in People v. Novotny , the People argue that a party who unsuccessfully challenges a juror for cause must use one of her peremptory challenges to excuse that juror if she wishes to preserve her right to have the challenge reviewed on appeal. 2014 CO 18, ¶ 31, 320 P.3d 1194 ("[I]f the defendant chooses not to use a peremptory, any error is arguably invited and not reviewable on appeal.") (Hood, J., concurring in part and dissenting in part). This approach is apparently premised on the notion that once a defendant has alleged juror bias, her subsequent failure to use a peremptory challenge to strike that juror is inconsistent with her initial claim.
*926 ¶ 10 However, in Morrison v. People , long before Novotny was decided, the supreme court held, in part, that its "prior decisions do not require a defendant to cure a trial judge's error on a challenge for cause by using a peremptory strike against the objectionable juror in order to preserve a claim that his right to a fair trial was violated by the presence of a biased juror on his jury." 19 P.3d 668, 670 (Colo. 2000) ; see also United States v. Martinez-Salazar , 528 U.S. 304, 314-15, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) (noting that the federal peremptory challenge statute does not require a party to use a peremptory challenge to cure judicial error). And although Justice Hood's partial dissent in Novotny , ¶ 47, raised the "specter of invited error" if counsel elects not to use a peremptory strike on the challenged juror, the Novotny court did not revisit its prior holding in Morrison .
¶ 11 Thus, the supreme court has expressly held that the type of actions taken by Garcia's counsel should not be construed as a bar to appellate review. This holding indicates that there is no inherent inconsistency in allowing counsel to challenge a juror for cause while also permitting her to use peremptory challenges to excuse other jurors. Counsel may consider certain jurors disadvantageous to her client for reasons that do not fall within the statutory framework and, unless there is an alleged discriminatory basis for her challenges, she does not owe the court or the opposing party an explanation of her decisions. Batson v. Kentucky , 476 U.S. 79, 96-98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Moreover, when a trial court rules against a party on a particular issue, the party may choose to change her plan in response to the ruling without affirmatively embracing its rationale. See, e.g. , McGill v. DIA Airport Parking , 2016 COA 165, ¶ 11, 395 P.3d 1153 (noting that where the defendant objected to the admission of certain impeachment evidence and her objection was overruled, she did not invite error by introducing the evidence herself to gain a strategic advantage).
B. Affirmative Conduct
¶ 12 Next, we consider whether Garcia's conduct was sufficiently affirmative and strategic to adequately support an invited error claim. We look to the record for evidence that Garcia argued in favor of the trial court's ruling or, by her words or conduct, expressly and strategically acquiesced to it. Rediger , ¶ 10 (finding no strategic acquiescence, and thus no invited error, where a defendant challenged jury instructions on appeal despite stating at trial that he was "satisfied" with them); Horton , 43 P.3d at 619 ("The [invited error] doctrine applies where one party expressly acquiesces to conduct by the court or the opposing party.").
¶ 13 Garcia never argued in favor of seating the challenged juror. In fact, she specifically objected to his "inability to follow along and be a fair and impartial juror," and she never withdrew the objection.
¶ 14 In addition, the record contains no suggestion that Garcia's counsel purposely failed to use a peremptory challenge to juror J.P. in order to preserve an issue for appeal in the event of a conviction. She accepted the trial court's ruling on the challenge for cause and used her peremptory challenges as provided in the relevant statute and rule. See § 16-10-104, C.R.S. 2018; Crim. P. 24(d). She did not indicate why she declined to strike J.P. nor did she explain why she did strike other jurors through peremptory challenges. We do not view that conduct as demonstrating acquiescence to the trial court's rationale for denying the challenge for cause, nor can we declare that counsel was acting for some strategic purpose. People v. Zadra , 2013 COA 140, ¶ 49, 396 P.3d 34 (holding that where the record did not show that counsel's failure to act was strategic, invited error doctrine did not preclude appellate review), aff'd , 2017 CO 18, 389 P.3d 885 ; see also People v. Allgier , 2018 COA 122, ¶¶ 27-28, 428 P.3d 713 (deciding that where the record did not "foreclose the possibility that defense counsel overlooked" the prejudice that could result from admission of evidence, the defendant did not waive plain error review); People v. Perez-Rodriguez , 2017 COA 77, ¶ 28, 411 P.3d 259 (holding that where it was unclear whether counsel's failure to object was deliberate or inadvertent, his conduct *927 was insufficient to support an invited error claim).
¶ 15 Because we do not perceive that Garcia's conduct at trial precludes appellate review, we will consider Garcia's contention that the trial court erred.
III. Standard of Review
¶ 16 We review a trial court's ruling on a challenge for cause for an abuse of discretion. Carrillo v. People , 974 P.2d 478, 485 (Colo. 1999). In so doing, we give great deference to the trial court's decision because its analysis necessarily turns on its perceptions regarding a juror's credibility and demeanor as well as the level of sincerity demonstrated during voir dire. Morrison , 19 P.3d at 672. A trial court "is in a superior position to evaluate these factors than a reviewing court, which has access only to a cold record for its determination." Id. Where the record as a whole supports the trial court's ruling, we will not disturb its decision on appeal. People v. Young , 16 P.3d 821, 824-25 (Colo. 2001).
IV. Analysis
¶ 17 Both the United States Constitution and the Colorado Constitution guarantee a criminal defendant the right to trial by an impartial jury. U.S. Const. amend. VI ; Colo. Const. art. II, § 16. This right is an integral part of the constitutional right to a fair trial. Carrillo , 974 P.2d at 486. To that end, the General Assembly has provided certain statutory grounds on which a trial court must grant a party's challenge for cause. § 16-10-103(1), C.R.S. 2018.
¶ 18 However, when a party challenges a potential juror on grounds of actual bias,[1] the trial court may examine the juror regarding perceived bias or may allow the parties to do so. § 16-10-103(1)(j). The statute gives the trial court discretion to deny the challenge for cause if it is satisfied that despite any "previously formed or expressed opinion with reference to the guilt or innocence of the accused," the juror is nonetheless able to consider the evidence and render an impartial verdict. Id. ; see also Crim. P. 24(b)(1)(X).
¶ 19 In this case, Garcia's challenge for cause arose from defense counsel's questions concerning whether any potential juror had a possible bias with respect to the child victims and their testimony. In response to defense counsel's questions, J.P. noted that he had two small children of his own, ages two and four. He stated that in his experience, they "don't know how to lie yet." But he also limited this assertion by explaining, "I am sure that's coming here pretty soon." He additionally acknowledged that he had a "soft spot" for his children but wasn't sure whether that would affect his judgment because "I don't know the situation here either." He nevertheless agreed with counsel's statement that it might be difficult for him to separate his feelings for his own children from his judgments about the child witnesses. But he also stated that he could be "fair" and comply with the judge's instructions.
¶ 20 Based on this exchange, Garcia argues that J.P. did not adequately assure the trial court that he could put aside his bias and give her a fair trial because his statements were not sufficiently unequivocal. In support of this argument, Garcia also points to the fact that neither the trial court nor the People rehabilitated J.P. once defense counsel concluded her questioning.
¶ 21 If a trial court has a genuine doubt about a potential juror's impartiality, it should sustain the challenge for cause. People v. Russo , 713 P.2d 356, 362 (Colo. 1986). Here, the trial court had no such doubt and specifically found that J.P. did not make "any statement which would show a significant doubt in his ability to follow the law and be fair." The trial court was in the best position to evaluate whether J.P.'s ambivalence about his objectivity was sufficient to indicate bias. It observed his demeanor and credibility as he spoke, and we defer to its conclusions on that issue. Morrison , 19 P.3d at 672 (noting that an appellate court's deference to the *928 trial court's ruling extends to juror statements that may appear self-contradictory).
¶ 22 In addition, the record does not demonstrate that the trial court should have pressed J.P. further about his position but failed to do so. First, J.P. stated unequivocally that if the judge were to instruct him on the law, he "could comply with what she's asking." He also stated that he thought he would "be able to hold [the child witnesses] credible ... to what they were saying through body language and things like that ...." A trial court may give substantial weight to a potential juror's assertion that he could be fair and impartial. People v. Rhodus , 870 P.2d 470, 478 (Colo. 1994). Moreover, contrary to Garcia's argument, it is not necessary that a prospective juror be absolutely unequivocal about his ability to set aside potential bias as long has he has expressed a belief that he can be fair and has made a commitment to try do so. People v. Fleischacker , 2013 COA 2, ¶ 27, 411 P.3d 20.
¶ 23 Second, J.P. repeatedly explained that many of his misgivings stemmed from the fact that he had never been on a jury before and that he realized it was difficult for human beings to be perfectly objective. He stated that "because I am human [my children] could somewhat influence what I am hearing and what I am seeing, but I feel like, for the most part, I could be fair to - to what I'm hearing." He also noted that he had "never been in this situation before [so he didn't] exactly know" how much fatherhood would influence his thinking. This type of comment reflects that J.P. took the duty to be objective quite seriously and does not necessarily indicate that he had a settled bias in favor of children. See People v. Sandoval , 733 P.2d 319, 321 (Colo. 1987) ("In some situations, the statements may simply reflect an honest effort to express feelings and convictions about matters of importance in an emotionally charged setting."); People v. Richardson , 58 P.3d 1039, 1043 (Colo. App. 2002) (finding that a juror's statement that she was "human" and "there are no guarantees" but she would "give it [her] best shot" supported the trial court's denial of a challenge for cause).
¶ 24 Third, J.P. was able to clearly distinguish between his own experience as a father of toddlers and the potential testimony of the older children whose credibility was at issue during the trial. With respect to older children, he explained, "I don't have experience. I have experience with little tiny humans that are trying to learn to walk. ... [t]hat's a whole other ball game for me." He thought that he could fairly evaluate the credibility of the witnesses because "these are strangers to me ... I don't have experience with them. ..." He also acknowledged that at a certain age, children become capable of lying. When denying the challenge for cause, the trial court specifically relied on these statements. A trial court may properly deny a challenge for cause because the facts of the case do not sufficiently intersect with a juror's potential area of bias. People v. Lucas , 232 P.3d 155, 164 (Colo. App. 2009) (affirming the denial of a challenge for cause where a juror stated that she had been in a violent marriage, but the case concerned a defendant's assault on his neighbor).
V. Conclusion
¶ 25 For these reasons, after reviewing the entire voir dire, we discern no abuse of discretion. The record supports the trial court's denial of Garcia's challenge for cause and we will not disturb its ruling on appeal. The judgment is affirmed.
JUDGE ROMÁN and JUDGE BERGER concur.

"[A]ctual bias is a state of mind that prevents a juror from deciding the case impartially and without prejudice to a substantial right of one of the parties." Carrillo v. People , 974 P.2d 478, 486 (Colo. 1999) (quoting People v. Macrander , 828 P.2d 234, 238 (Colo. 1992) ).