## 71216. KING v. THE STATE.
### (343 SE2d 401)

BEASLEY, Judge.

King appeals his convictions for armed robbery (OCGA § 16-8-41), aggravated assault (OCGA § 16-5-21), and possession of knife during commission of crime (OCGA § 16-11-106).

1. The first contention is that the evidence did not support the verdicts. As to armed robbery, he argues that there was insufficient proof that, first, he was armed with a knife and, second, that he took property from another. Both of these are essential elements, *Bell v. State*, 227 Ga. 800, 801 (1) (183 SE2d 357) (1971), and as to each, there was ample evidence.

When reviewing the sufficiency of the evidence in criminal cases, we must do so in a light favorable to the verdict, as the jury is the determiner of the credibility of witnesses and the weight to be given the testimony and other evidence. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985). The proof that King was armed at the time was in the testimony of the victim, nurse Collins at the Valdosta State College Infirmary. She testified that when he came around the desk where she was standing, he reached with his right hand under his coat towards his chest and pulled out a knife. At about the same

instant he was behind her and had grabbed her with one hand over her mouth and the other hand holding the knife to her neck. During the ensuing events, he continued to hold the knife to her. After he moved her to Ward 1, he said he needed some money and had to get out of town. She remembered the birthday kitty kept in the nurses' desk, offered to show King where it was, and told him he could have it all if he would just leave. King took an envelope out of the kitty and removed a bill. When they heard someone coming, King pushed her into a closet and hid with her until they were discovered. Before King exited, Collins heard what she thought was his dropping the knife behind a box next to a closet wall. The rescuer's supervisor testified that when he searched the closet a few minutes later, he found the knife behind a container in the closet. An inventory of King's pockets at the time of arrest shortly thereafter revealed a twenty-dollar bill. A staff nurse at the infirmary testified that on the morning of the incident, she checked the kitty, which at that time contained a twenty-dollar bill and some coins.

As to aggravated assault, there are two essential elements: one, that an assault, as defined in OCGA § 16-5-20, was committed on the victim, and two, that it was aggravated by either an intention to rob (or murder or rape) or use of a deadly weapon. *Smith v. State*, 140 Ga. App. 395, 396 (1) (231 SE2d 143) (1976). Attempting to commit a violent injury to a person, or committing an act which places a person in reasonable apprehension of immediately receiving a violent injury, will satisfy OCGA § 16-5-20. King finds reversible shortfall in the evidence as to both elements of aggravated assault. In addition to holding the knife to the nurse's neck, he threatened when he first put it there: "Don't say a word, I'll cut you. Don't make any noise, I'll cut you." He pushed her down the hallway with one hand over her mouth and the knife at her throat, into the bathroom. Once inside, he told her to take off her clothes or he would cut her, and he started to pull at her lab coat. She averted the proceedings by stating that someone was coming, and they eventually ended up in the closet where they were found. The college physician examined the nurse afterwards and testified that she had three marks on her neck, two superficial red ones which did not break the skin and a half-inch scratch a little deeper on the right side of the neck. It was his opinion that this resulted from recent trauma and was consistent with pressure from any sharp, straight, smooth object. Thus, both elements were proven.

As to possession of a knife, the evidence has already been related, and the jury was not required to believe the defendant, that he did not possess a knife while he was in the infirmary.

On all counts, then, the conviction stands. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The charge to the jury was defective, King urges, because the

court did not instruct on all the elements of robbery by intimidation, as set out in OCGA § 16-8-40 and the Suggested Pattern Jury Instructions, Vol. 2, pages 146-148.

The court did charge in substance OCGA § 16-8-41 (a) including verbatim: "The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." The court did not give the charges which King now urges for the first time should have been given.

Aside from all the procedural impediments clinging like barnacles to this enumeration, the evidence did not warrant such a charge. According to the state's evidence, the robbery was committed by use of a knife, an offensive weapon. According to defendant's evidence, he did not have a knife and there was no robbery to start with as he took no money. Thus, robbery by intimidation was not a part of this scene. See, e.g., *Malone v. State*, 142 Ga. App. 47 (234 SE2d 844) (1977); *Awtrey v. State*, 175 Ga. App. 148, 151 (3) (332 SE2d 896) (1985). "[W]here the evidence shows completion of the greater [offense], as here, it is not necessary for the court to charge on a lesser included offense. [Cits.]" *Hambrick v. State*, 174 Ga. App. 444, 447 (2) (330 SE2d 383) (1985). The failure to charge a lesser included offense, without a written request for it as authorized by OCGA § 5-5-24 (b), is not error. *Bouttry v. State*, 242 Ga. 60, 61 (247 SE2d 859) (1978).

3. No error resulted from sending with the jury the verdict form as it was printed on the back of the indictment. It contained form language and appropriate blank spaces for two verdicts, which the jury used for the first two counts, and the jury copied the form language in returning its verdict on the third count.

After the jury had retired for deliberations, defendant voiced some concern about the verdict form. He apparently wanted a fourth form verdict to appear on the sheet, to accommodate a verdict on robbery by intimidation as well as a verdict on armed robbery, since the court had instructed that robbery by intimidation was a lesser included offense. The court declined to change the verdict form at that stage, relying on the jury to be guided by the form and the wording already appearing on the document. We know of no authority, and appellant cites none, giving him a right to a separate verdict on a lesser included offense which is not contained in a separate count. Even if he has such a right, and even if the court had fully charged robbery by intimidation on its own initiative or as properly requested by a party, an omission of a fourth verdict form would be harmless error because the jury found beyond a reasonable doubt that armed robbery had been committed by King. Harm, as well as error, must be shown. See, e.g., *White v. State*, 163 Ga. App. 179, 181 (3) (292 SE2d 875) (1982).

We have considered the two additional points made by appellant

in his supplemental brief pro se, even though he has no right to represent himself and also have representation by an attorney. Constitution of Ga. 1983, Art. I, Sec. I, Par. XII. We find these points to be without merit despite their procedural infirmities.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 19, 1986.

*Michael S. Bennett*, for appellant.

*H. Lamar Cole, District Attorney, Gregory R. Jacobs, Assistant District Attorney*, for appellee.