653 So.2d 1078 (1995)
Heriberto DELVALLE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-514.
District Court of Appeal of Florida, Fifth District.
April 13, 1995.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Delvalle was convicted as charged of two counts of attempted first degree murder with a firearm as the result of the shooting and wounding of two men in the front yard of a *1079 house. A resident of the house was Fernando Ramirez, who had an affair with Delvalle's wife and who had been threatened by Delvalle. Delvalle was looking for "Fernando" at the time he shot the other two men. The issue at trial was the identity of the shooter. The evidence against Delvalle was overwhelming.
The troublesome issue on appeal concerns an incorrect verdict form submitted to the jury for each count. That form provided that the next lesser offense to the charged offense was "first degree murder without a firearm" when it was intended to be "attempted first degree murder without a firearm."[1]
Delvalle now contends that he is entitled to a new trial because the typographical omission, which escaped notice by trial counsel and the trial judge prior to the jury verdict, deprived him of the possibility of a jury pardon in the form of a conviction of the "next immediate lesser included offense, one step removed from the offense charged." The lesser conviction would also have removed the three year mandatory minimum sentence. He contends that this constitutes per se reversible error per State v. Abreau, 363 So.2d 1063 (Fla. 1978).
It should be noted that the defense at trial concerned identity. It was not disputed that a firearm was utilized in the offenses. We also observe that some seven lesser included offenses, commencing with attempted second degree murder with a firearm, were included on each verdict form.
In Abreau it was held to be reversible error per se for a trial judge to fail to instruct on the next immediate lesser included offense (one step removed). In the instant case, the trial judge properly instructed on the next immediate lesser included offense; the problem was the typographical omission in respect to that offense in the verdict forms. In this case, as in Capehart v. State, 583 So.2d 1009 (Fla. 1991), cert. denied, 502 U.S. 1065, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992), the defendant failed to preserve any objection to the verdict forms by timely objection at trial. In fact, defense counsel specifically expressed satisfaction with the verdict forms on two separate occasions prior to their submission to the jury. The error, therefore, was an invited one. See Perry v. State, 362 So.2d 460 (Fla. 1st DCA 1978). Given the evidence adduced at trial, the error also was harmless, since it is inconceivable that any rational jury could have returned a verdict finding that there was no firearm involved in the commission of the charged offenses. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
At a more fundamental level, however, we note that the trial court and trial counsel seem to have misapprehended the fact that the next lesser included offense of the crime of attempted first degree murder (with or without a firearm) is attempted second degree murder  and that option was provided to and rejected by the jury in this case. Whether or not the aggravating factor of a firearm was present is an issue separate and *1080 apart from that relating to the degrees of attempted murder, and it should have been separately submitted to the jury as a specific question in a special verdict form. State v. Tripp, 642 So.2d 728 (Fla. 1994); State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984). The form provided to the jury should only have provided for five lesser included offenses: attempted second degree murder, attempted third degree murder, attempted manslaughter, aggravated battery and battery.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The verdict forms provided to the jury read as follows:

 VERDICT
___ X ___ WE, THE JURY, find the Defendant
 guilty of Attempted First Degree Murder
 with a Firearm, as charged in the
 Information.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 First Degree Murder Without a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Attempted Second Degree Murder with
 a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Attempted Second Degree Murder
 Without a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Attempted Manslaughter With a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Attempted Manslaughter Without a
 Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Aggravated Battery with a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Aggravated Battery Without a Firearm.
______ WE, THE JURY, find the Defendant
 guilty of the lesser included offense of
 Battery.
______ WE, THE JURY, find the Defendant
 not guilty.