658 So.2d 155 (1995)
Shawn D. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2640.
District Court of Appeal of Florida, First District.
July 19, 1995.
*156 Nancy A. Daniels, Public Defender; Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen.; Douglas Gurnic, Asst. Atty. Gen., Tallahassee, for appellee.
LAWRENCE, Judge.
Shawn Detrell Morris (Morris) timely appeals his judgment and sentence for armed robbery, raising the following two issues: (1) whether the trial court committed reversible error in failing to include a necessarily lesser-included offense on the jury verdict form; and (2) whether the trial court erred in ordering him to pay restitution when all of the stolen property was recovered by the victim. We affirm as to the first issue and reverse as to the second issue.
Morris was charged with committing one count of armed robbery with a firearm. During the ensuing jury trial, the judge submitted a proposed verdict form to defense counsel at the beginning of the charge conference, and asked whether it met with his approval or if he wanted to add or delete anything. Defense counsel responded: "It's fine, Judge. That would be fine." Following the charge conference, the trial judge instructed the jury on the elements of robbery with a firearm, robbery with a weapon, and unarmed robbery. The trial judge also read the verdict form to the jury in open court. The verdict form listed the following options: armed robbery (with or without a firearm in his possession[1]); robbery with a weapon; attempted robbery (with or without a firearm in his possession); aggravated assault (with or without a firearm in his possession); and not guilty. The verdict form did not include an option for the jury to find Morris guilty of unarmed robbery. The jury found Morris guilty of armed robbery without a firearm in his possession. He was sentenced to six and a half years imprisonment and ordered to pay $59 in restitution to the victim.
Morris first argues the trial court committed reversible error in failing to include an option on the verdict form to find him guilty of the lesser-included offense of unarmed robbery, an offense on which the jury had been instructed. The general rule is that a verdict form is defective when it does not conform with instructions given to the jury. Prater v. State, 608 So.2d 559 (Fla. 2d DCA 1992) (citing Wilson v. State, 566 So.2d 36 (Fla. 4th DCA 1990)). Morris' argument, however, must fail because the issue was not properly preserved for appeal. In non-capital cases, failure to instruct as to necessarily lesser-included offenses is not fundamental error. Jones v. State, 484 So.2d 577 (Fla. 1986). To preserve such error for appeal, the defendant must make a timely objection to the instructions as given. Id.; see also Delvalle v. State, 653 So.2d 1078 (Fla. 5th DCA 1995). In this case, Morris failed to object to the verdict form despite being given two clear opportunities to do so.[2]
Even if the error in the verdict form had been preserved, it was invited. See Delvalle v. State, 653 So.2d 1078 (defendant not only failed to preserve any objection to the omission in the verdict forms by timely objection below, but invited the error by expressing his satisfaction with the verdict forms on two separate occasions prior to their submission to the jury). Like Delvalle, Morris invited the defective verdict form by affirmatively expressing his approval.
Moreover, to the extent that error occurred, it was harmless. "[T]he failure to instruct on the next immediate lesser-included offense (one step removed)" from the offense charged is per se reversible error. State v. Abreau, 363 So.2d 1063, 1064 (Fla. *157 1978). Where the omitted instruction is "two steps" removed, however, a harmless error analysis is applicable. Id. The difference hinges on whether "the jury is given a fair opportunity to exercise its inherent `pardon' power by returning a verdict of guilty as to the next lower crime." Id. Robbery with a weapon is the next lesser-included offense (one step removed) from robbery with a firearm. See Reddick v. State, 394 So.2d 417 (Fla. 1981). This option was included on Morris' verdict form. Given the fact the jury had the opportunity to reduce the charge one step, but chose instead to convict Morris of the more serious charge, the omission from the verdict form was harmless. Abreau. In addition, the evidence was overwhelming that a firearm was used in the robbery. The primary issues at trial were Morris' contention that he did not intend to participate in the robbery, and that the firearm used and displayed was wielded by a person other than himself. Morris himself was shot during the course of the robbery by the victim with a pistol which the victim managed to retrieve from a hidden location while departing from his taxi. The victim testified that the man he shot "was the one that had the gun." He testified further that he did not shoot the second robber "because he wasn't a threat to me."
With respect to the issue of restitution, however, we reverse. The State properly concedes error in the trial court ordering Morris to pay restitution when all the stolen property was recovered. Thrasher v. State, 528 So.2d 474, 477 (Fla. 1st DCA 1988). The victim testified he was robbed of $59, but he also testified he recovered the full amount from the police property office. We suspect that this ruling was merely a clerical error in the judgment, since the trial judge did not announce the imposition of restitution at the sentencing hearing. Thus, that part of the restitution order must be vacated.
Accordingly, we AFFIRM in part, and REVERSE in part.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] The evidence reflected that the robbery was perpetrated by two persons, and one of the issues focused on which one of the persons used or displayed the pistol involved in the robbery.
[2] He failed to object after being given an opportunity to review the verdict form before its submission to the jury, and he again failed to object when the trial court read the defective verdict form to the jury.