**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Christopher H. PENA, Defendant–Appellant.**

#### No. 96CA0902.

Colorado Court of Appeals, Div. V.

Oct. 2, 1997.

Rehearing Denied Oct. 30, 1997.

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Gale Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Christopher H. Pena, appeals a judgment of conviction entered on a jury verdict finding him guilty of vehicular eluding. He challenges the sufficiency of the evidence, contends that his conviction was in violation of his equal protection rights, and urges that the trial court erred in refusing to instruct the jury on reckless driving as a lesser included offense. We agree with the allegation of instructional error and, thus, reverse and remand for new trial.

The arresting police officer testified at trial that he saw a car travel toward him at a high rate of speed, swerving across the center line as it passed his cruiser. The officer made a U-turn and pursued the car, which was traveling at speeds between 70 and 80 miles an hour through commercial and residential areas and swerving in and out of traffic.

According to the officer, when he activated his light and siren, the other car appeared to accelerate. The tailpipe produced a cloud of exhaust, and the gap between the two cars appeared to widen. After the chase had continued for another quarter of a mile, the pursued car spun 90 degrees, struck two parked cars, and came to rest on the grass next to the curb. Defendant was identified as the driver of the car.

The passengers of the car testified at trial that they had not seen the police officer in pursuit. They also said that defendant had been trying to elude his girlfriend rather than the police.

At the close of the evidence, defendant moved for a directed verdict of acquittal, arguing that the evidence was insufficient to prove that he knew he was being pursued by a police officer. The court denied the motion.

Defendant also requested that the trial court instruct the jury that the offenses of reckless driving, under § 42-4-1401, C.R.S. 1997, and careless driving under § 42-4-1402, C.R.S.1997, were lesser-included offenses of the charged offense of vehicular eluding, under § 18-9-116.5, C.R.S.1997.

The trial court denied the request, but offered to instruct the jury on reckless and careless driving as lesser *non*-included offenses. In response, defendant withdrew his request for an instruction on reckless driving. In addition to his conviction of vehicular eluding that is challenged in this appeal, defendant was convicted of careless driving and driving under the influence of alcohol.

## I.

Defendant first contends that the evidence was insufficient to support his conviction for vehicular eluding. We disagree.

When the sufficiency of the evidence is challenged on appeal, the reviewing court is to determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988); *People v. Moltrer,* 893 P.2d 1331 (Colo.App.1994).

A person commits the offense of vehicular eluding if he or she: (1) "knowingly eludes or attempts to elude a police officer who is also operating a motor vehicle," and (2) "knows or reasonably should know that he [or she] is

being pursued by said police officer." Section 18–9–116.5, C.R.S.1997.

Defendant points out that the police officer did not have his lights or siren activated during much of the chase, and he relies on the testimony of the passengers in his car that they had not seen any police lights until after the car crashed.

However, the police officer testified that defendant's car accelerated after the officer activated his lights and siren and that the chase then continued for another quarter of a mile. This evidence was sufficient to convince a rational juror beyond a reasonable doubt that defendant knew the police officer was pursuing him and that he knowingly attempted to elude the officer.

We therefore conclude that the trial court did not err in denying defendant's motion for acquittal.

## II.

Defendant next contends that his right to equal protection was violated because his conduct could have given rise to the misdemeanor charge of eluding or attempting to elude a police officer, instead of the felony charge of vehicular eluding for which he was convicted. We are unpersuaded.

When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws. *People v. Oliver*, 745 P.2d 222 (Colo.1987). If, however, there are differences in the type of conduct proscribed by the respective statutes, equal protection is not offended. *People v. Romero*, 746 P.2d 534 (Colo.1987).

Section 42–4–1413, C.R.S.1997, provides:

Any operator of a motor vehicle who the officer has reasonable grounds to believe has violated a state law or municipal ordinance, who has received a visual or audible signal such as a red light or siren from a police officer driving a marked vehicle showing the same to be an official police, sheriff or Colorado state patrol car directing the operator to bring the operator's vehicle to a stop, and who willfully increas-

es his or her speed or extinguishes his or her lights in an attempt to elude such police officer, or willfully attempts in any other manner to elude the police officer, or does elude such police officer, commits a class 2 misdemeanor traffic offense.

Defendant acknowledges that this statute contains different elements from § 18–9–116.5, the vehicular eluding statute. He therefore concedes that the misdemeanor traffic offense of eluding or attempting to elude a police officer is not included within the felony offense of vehicular eluding. *See People v. Fury*, 872 P.2d 1280 (Colo.App. 1993).

Nevertheless, in defendant's view, because his conduct here could have been punishable under the misdemeanor provision, his conviction of the felony offense violated his equal protection rights. We disagree.

The fact that criminal conduct may violate more than one statutory provision does not render the legislation unconstitutional. Equal protection is implicated only when two statutes that impose different criminal sanctions proscribe the same conduct. *People v. Rickstrew*, 775 P.2d 570 (Colo.1989).

Thus, because the offenses defined by the two statutes here have different elements and do not address exactly the same conduct, defendant's constitutional challenge fails.

Furthermore, the record here contains evidence that defendant's conduct went beyond that proscribed by the misdemeanor eluding statute. In particular, the arresting officer testified that defendant swerved in and out of traffic, crossed the center line, and collided with other vehicles during the chase. This evidence constitutes proof of an element contained in the felony eluding statute but not found in the misdemeanor eluding statute, *i.e.*, that defendant drove "in a reckless manner, creating a substantial risk of bodily injury to another person." Section 18–9–116.5.

We therefore conclude that defendant's conviction of vehicular eluding did not violate his right to equal protection.

## III.

We do, however, agree with defendant's contention that he is entitled to a new trial because the trial court erred in refusing to instruct the jury that reckless driving was a lesser included offense of vehicular eluding.

### A.

■ Under the "statutory test," a lesser offense is included in a greater offense when all the essential elements of the lesser offense comprise a subset of the essential elements of the greater offense, such that it is impossible to commit the greater offense without also committing the lesser. *People v. Garcia*, 940 P.2d 357 (Colo.1997); *People v. Stafford*, 890 P.2d 244 (Colo.App.1994).

Here, the trial court ruled that reckless driving is not a lesser included offense of vehicular eluding because the two statutes have different definitions of the concept of recklessness. While we agree that the statutes are worded differently, we conclude that the element of recklessness is the same in each.

■ As noted above, an essential element of vehicular eluding is that the defendant drove "in a reckless manner, creating a substantial risk of bodily injury to another person." Section 18–9–116.5. "Recklessly," in turn, is defined in the criminal code as conduct that *"consciously disregards* a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18–1–501(8), C.R.S.1997 (emphasis added). Thus, under this definition the actor must be aware of and disregard the risk itself but need not be consciously aware of the specific harm flowing from the decision to take that risk. *See People v. Deskins*, 927 P.2d 368 (Colo.1996).

In the vehicle code, the offense of reckless driving is defined as operating a vehicle "in such a manner as to indicate either a *wanton or a willful disregard* for the safety of other persons or property...." Section 42–4–1401, C.R.S.1997 (emphasis added). *See People v. Chapman*, 192 Colo. 322, 557 P.2d 1211 (1977) (reckless driving entails "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent").

■ The common crux of these definitions of recklessness is the actor's awareness of a high risk to others and a conscious decision to engage in conduct in disregard of that risk. The fact that an actor's disregard is described in one statute (§ 18–1–501(8)) as "conscious" and in the other statute (§ 42–4–1401) as "willful and wanton" does not alter the concept of "recklessness" or create two distinct elements for the purpose of determining whether one offense is included in the other.

The prosecution asserts that reckless driving is not a lesser included offense of vehicular eluding because the two statutes serve different public purposes. We are unpersuaded.

While in some earlier Colorado cases the courts considered the public policies underlying statutes in order to determine whether one offense was included within another, in *People v. Garcia, supra,* our supreme court rejected this approach—which it referred to as the "inherent relationship" test—in favor of the "statutory test" discussed above. Consideration of the public policies underlying the two statutes at issue here is therefore not relevant to the analysis.

■ We conclude that one cannot commit the offense of vehicular eluding without also committing the offense of reckless driving. Accordingly, reckless driving is a lesser included offense of vehicular eluding under the statutory test. *People v. Garcia, supra.*

### B.

■ When a defendant requests that the jury be instructed on a lesser offense, an additional inquiry is required: whether there is a rational basis to support a verdict of acquittal for the greater offense but conviction for the lesser offense. *People v. Garcia, supra; People v. Stafford, supra.*

Here, the additional elements of vehicular eluding are that an actor knowingly eludes or attempts to elude a police officer and that the actor knows or reasonably should know that he is being pursued by that peace officer. Section 18–9–116.5.

Defendant's witnesses testified that they were not aware of the pursuing police officer until the car crashed and came to a stop. Defendant's theory of the case was that he was attempting to elude his enraged girlfriend. In support of that theory, defendant points to the girlfriend's testimony that she was, in fact, pursuing him in her own car.

Based on this evidence in the record, we conclude that there was a rational basis for the jury to find defendant guilty of reckless driving but not guilty of vehicular eluding.

Defendant was therefore entitled to an instruction on reckless driving as a lesser included offense, and the trial court's refusal to give this instruction requires reversal. *People v. Stafford, supra.*

In view of this conclusion, we do not address defendant's remaining contentions.

The judgment of conviction of vehicular eluding is reversed, and the cause is remanded for a new trial.

RULAND and CASEBOLT, JJ., concur.